Moscoso Hno. & Cía., *S. en C.*, Plaintiff and Appellant, *v.* Municipality of Jayuya, Defendant and Appellee.

No. 6658.   Argued December 10, 1935.—Decided June 5, 1936.

R. *Cintrón Lastra* and *Fernando Zapater* for appellant.   A. *Fiol Negrón* for appellee.

Mr. Justice Hutchison delivered the opinion of the Court.

Plaintiff brought an action to recover from the Municipality of Jayuya $1,057.79 as the purchase price of certain drugs and medicines alleged to have been sold and delivered to the municipality.   Plaintiff alleged that these supplies had been sold on current account, that the total amount of the indebtedness had been acknowledged by the municipality and that the municipality had agreed to include the amount in its budget for the year 1928–29 but did not do this.   Plaintiff now appeals from an adverse judgment and submits that:

"*First error.*—The court erred in holding that the plaintiff has failed to prove that the Municipality of Jayuya bought from the defendant drugs and medicines worth $1,057.79.

"*Second error.*—The court erred in finding that although the plaintiff has shown that it supplied drugs and medicines to the Municipality of Jayuya, this was not done in a lawful manner, that is, in compliance with the express requirements of the municipal law and rules for accounting, in force."

The district court admitted in evidence over defendant's objection the following document:

"*Certificate.*—I, Angel D. Falcón, municipal auditor of Jayuya, P. R., do hereby certify: That the firm of Moscoso Hno. & Co. S. en C. (Ltd.) of Ponce, P. R., has an unpaid credit against this Municipality amounting to ONE THOUSAND FIFTY SEVEN DOLLARS AND SEVENTY NINE CENTS ($1,057.79) which is entered in the books of the auditor's office under my charge; that the said account has not been paid either totally or partially, but probably will be paid from the current revenues of the fiscal year 1928–29 according to the collection of taxes, within the next ninety days from the date of the present certificate. In order that the said firm could make any commercial use which it may deem best of this document, I issue the present certificate in Jayuya, P. R., this 6th day of December, 1928, (Signed) Angel D. Falcón, municipal auditor. There is an ink seal with the words: 'Municipal Government, Jayuya, P. R.,' and another which says:, 'Moscoso Hno. & Co., S. en C. (Ltd.) per (illegible signature) Managing partner.' "

Aside from any question as to the probative value of such evidence, aside from any question as to the sufficiency of the testimony for plaintiff as to the total value of the supplies furnished the municipality or as to any part of such value and aside from numerous other questions discussed in the briefs, it will suffice to say that the alleged contract was *ultra vires* and void because at the time of the transaction no amount had been appropriated in the municipal budget for the purpose of meeting any such obligation. See subdivision 9 of Section 8 of the Municipal Law, Session Laws 1928, 338, 342. It follows that plaintiff could not recover either upon the theory of an express contract or upon the theory of an implied contract. *Municipality of Río Piedras* v. *Serra Garabís & Co.,* 65 Fed. (2d) 691, *Roberts* v.

*City of Fargo,* 86 N. W. 726 (N.D.); *Hurley* v. *City of Trenton,* 49 Atl. 518; *Empire Voting Machine Co.* v. *City of Chicago,* 267 Fed. 162; *City of Litchfield* v. *Ballou,* 114 U. S. 190; *Haggleman* v. *Haggleman,* L.R.A. (1915 A) 904, 910; 44 Corpus Juris 136, Sec. 2247; 84 A.L.R. 936; 7 A.L.R. 361; 19 R.C.L. 1060–1066, Sec. 348–354; Dillon, on Municipal Corporations, vol. 1, page 549, Sec. 297.

The judgment appealed from must be affirmed.

Mr. Justice Córdova Dávila and Mr. Justice Travieso took no part in the decision of the case.